IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Daniel E. Wise,                    :

        Plaintiff,                 :          Case No. 2:08-cv-00577

    v.                             :

Steubenville Municipal Court       :          Judge Marbley

        Defendant.                 :


REPORT AND RECOMMENDATION

This matter is before the Court on the motion to dismiss
filed by the defendant Steubenville Municipal Court (doc. #8),
and the plaintiff's responses to the defendant's motion to
dismiss (doc. ## 9, 11, 12).  For the following reasons, it will
be recommended that the motion be granted and that the claims
against Steubenville Municipal Court be dismissed pursuant to
Federal Rules of Civil Procedure 12(b)(1) and (6).


I.


In his complaint, Mr. Wise alleges that Steubenville
Municipal Court violated Ohio Rev. Code § 2930.06 by failing to
notify him or his witness that Ronald Young was scheduled to
appear in that court on August 2, 2005.  Mr. Wise had filed a
criminal complaint against Young for allegedly trying to kill
him.  At the August 2, 2005 proceeding, Young was permitted to
plead to a lesser charge of aggravated menacing.  Mr. Wise seeks
relief only against Steubenville Municipal Court and has avowed
that there are no other parties to this suit.


A.


Federal courts are courts of limited jurisdiction and this
court must have jurisdiction in order to hear this case.  Article

III of the United States Constitution and 28 U.S.C. §1331, provide federal courts with original jurisdiction when questions arise under the United States Constitution, laws or treaties of the United States. The plaintiff's only allegation is a violation of Ohio Revised Code §2930.06 which does not arise under the Constitution, laws or treaties of the United States within the meaning of 28 U.S.C. §1331. Therefore, there is no federal question jurisdiction for any claim arising under Ohio Rev. Code § 2930.06.

Under Article III of the United States Constitution and 28 U.S.C. §1332(a), federal courts may also hear cases based on state law causes of action if the matter in controversy exceeds $75,000 and the parties are diverse. Mr. Wise's prayer of relief is $20 million, which exceeds the $75,000 requirement. However, diversity of the parties as required by 28 U.S.C. 1332 does not exist in this case. Mr Wise listed a Steubenville, Ohio address making him a citizen of Ohio, and to the extent Steubenville Municipal Court would be a proper party, it, too, is a citizen of Ohio. As a result, this court does not have diversity jurisdiction over this case.

B.

In any case involving a state governmental body as a defendant, the Court must decide if the Eleventh Amendment allows that body to be sued in a federal court. Because Mr. Wise is representing himself, the Court must make every effort to construe his complaint favorably to him. Consequently, the Court will also discuss whether it might have jurisdiction to hear a claim asserted under 42 U.S.C. §1983, the law which prohibits state or local governmental officials from violating the federal constitutional rights of private persons. For the following reasons, the Court concludes that is does not. The Eleventh Amendment of the United States Constitution bars suits against

either a state or agency of a state by citizens of that state. Edelman v. Jordan, 415 U.S. 651 (1974). Steubenville Municipal Court is an agency of the State of Ohio. Thus to the extent the plaintiff seeks damages from this defendant, his suit is subject to dismissal. Because "the provision of judicial services [is] an area in which local governments are typically treated as 'arm[s] of the State' for Eleventh Amendment purposes," Tennessee v. Lane, 541 U.S. 509, 527 n. 16(2004), the Steubenville Municipal Court should enjoy the same immunity from suit. The Sixth Circuit held that an "Ohio common pleas court is *not* a segment of county government, but an arm of the state for purposes of section 1983 liability and Eleventh Amendment immunity analyses" using the rationale that "fundamental law of Ohio imparts supervisory authority over all courts of that state and authority to promulgate rules for all courts of that state, to the Ohio Supreme Court" and that "state statutes delineate the jurisdiction of common please courts" and the authority to hire personnel. Mumford v. Basinski, 105 F.3d 264, 268-9 (6th Cir. 1997). The Sixth Circuit and the Southern District of Ohio have held that suits specifically against municipal courts, such as Steubenville Municipal Court, are also barred by the Eleventh Amendment. Sampson v. City of Xenia, 108 F. Supp. 2d 821, 840 (S.D. Ohio 1999); Foster v. Walsh, 864 F.2d 416, 419 (6th Cir. 1988).

Additionally, the Ohio Supreme Court in Malone held that "absent express statutory authority, a court can neither sue nor be sued." Malone v. Court of Common Pleas of Cuyahoga County, 45 Ohio St. 2d 245, 248 (1976). In Mineer v. Fleming County, the Sixth Circuit held that a court was not a suable entity and that "the only proper defendants are either the individual actors or the county." Mineer v. Fleming County, 1995 WL 111490, *2 (6th Cir. March 15, 1995). Therefore, since Mr. Wise seeks damages from the Steubenville Municipal Court, an entity that may not be

sued, the suit is subject to dismissal.

                              II.

     Based on the foregoing, the Court RECOMMENDS that the
complaint be dismissed as to the defendant, Steubenville
Municipal Court, in its entirety for lack of jurisdiction and
because this defendant is also immune from suit under the
Eleventh Amendment.  It is further recommended that a copy of
the complaint, this report and recommendation, and any
dismissal order be mailed to the defendant if the report and
recommendation is adopted.

                  PROCEDURE ON OBJECTIONS

     If any party objects to this Report and Recommendation,
that party may, within ten (10) days of the date of this
Report, file and serve on all parties written objections to
those specific proposed findings or recommendations to which
objection is made, together with supporting authority for the
objection(s). A judge of this Court shall make a de novo
determination of those portions of the report or specified
proposed findings or recommendations to which objection is
made. Upon proper objections, a judge of this Court may accept,
reject, or modify, in whole or in part, the findings or
recommendations made herein, may receive further evidence or
may recommit this matter to the magistrate judge with
instructions. 28 U.S.C. Section 636(b)(1).

     The parties are specifically advised that failure to
object to the Report and Recommendation will result in a waiver
of the right to have the district judge review the Report and
Recommendation de novo, and also operates as a waiver of the
right to appeal the decision of the District Court adopting the
Report and Recommendation. See Thomas v. Arn, 474 U.S. 140
(1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge